UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RONALD D. PADGETT | ) | CASE NO. 15-50719 |
| | ) | |
| Debtor | ) | Chapter 7 |
| | ) | |
| STEVEN W. HAIRE, | ) | AP NO. 16-5017 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RONALD D. PADGETT, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter came before the Court for trial on July 20, 2017. Both the Plaintiff, Steven W. Haire ("Haire"), and the Defendant, Ronald D. Padgett ("Debtor"), appeared with counsel. The Court considered the testimony and exhibits presented at trial on the Complaint Objecting to Discharge filed by Haire against Padgett.

This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(I), and venue is proper under 28 U.S.C. § 1409(a). The parties have submitted to the jurisdiction of this Court. The Court enters the following Findings of Fact and Conclusions of Law pursuant to Federal Rule of Bankruptcy Procedure 7052.

**FINDINGS OF FACT**

Haire is the owner of a commercial building in Marion, Kentucky. The building included all the necessary equipment to operate a restaurant. At some point prior to April of 2012, Haire

was contacted by David Padgett, the Debtor's son, about leasing the building. Trial Tr. 16:14-25. In April of 2012, the Debtor entered into a lease with Haire.[1] Although Debtor's signature is the only one on the lease, David Padgett operated the business. Trial Tr. 44:13-23.

During the tenancy, Haire would visit the restaurant once or twice a month, where he frequently saw the Debtor. Trial Tr. 9:9-20. The Debtor testified that he visited the restaurant three or four times a day. Trial Tr. 45:16-22. According to the lease, the lessee was responsible for all major repairs and maintenance. Both the Debtor and Susan Padgett, his wife, stated that the restaurant needed many repairs and that a lot of the equipment was not working. Trial Tr. 49:12-22. The Debtor was a contractor for nearly 60 years and performed most of the repairs himself. Trial Tr. 42:10

In May of 2014, Haire stopped receiving rent payments and on July 9, 2014, he filed a complaint seeking to evict David Padgett from the premises.[2] After obtaining a court order for eviction, Haire asked the Debtor for permission to inspect the premises, but was refused entrance. Trial Tr. 54:2-22. The Debtor testified that he no longer had a key to the building because he had left it inside after he removed his personal property. *Id*.

Around Labor Day of 2014, Haire went to the restaurant and witnessed the Debtor and David Padgett removing their personal property from the building. Trial Tr. 12:9-11. Haire testified that upon looking inside the restaurant, he noticed that a lot of his equipment was missing and the restaurant was in disarray. Trial Tr. 9:12-23. Haire further testified that when he asked David Padgett, in front of the Debtor, what happened to his equipment, he was told that it was in Princeton, Kentucky. Trial Tr. 12:24-25, 13:1-2, 23:11-25, 24:1-3. The Debtor disputed this

---

[1] David Padgett was in Texas and not present at the time of the lease signing. Trial Tr. 42:22-24, 43:10-14.
[2] The Eviction Notice lists David Padgett as the tenant because David and his son actually resided in an apartment located on the property.

testimony and testified that the equipment was still in the restaurant at that time. Trial Tr. 54:23-25, 55:1-14. Haire admitted that he never witnessed the Debtor nor David Padgett take any of Haire's equipment from the restaurant. Trial Tr. 21:5-8.

The Debtor and his wife testified that Haire came to his house to inquire about the missing equipment. Trial Tr. 24:4-16, 48:13-18. According to both, the Debtor advised Haire that he had no knowledge of where his missing equipment was located and offered to take Haire to inspect the storage units. *Id.* According to Mrs. Padgett, Haire declined the offer and said that he did not believe that the Debtor has any of his missing property. Trial Tr. 37:16-25, 38:1-13.

On December 30, 2015, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code and received a discharge on April 5, 2016. On July 1, 2016, Haire filed a Motion to Reopen the case to file this adversary proceeding on the basis that Haire never received proper notice of the Debtor's filing. The Court granted Haire's Motion to Reopen on July 5, 2016. On August 29, 2016, Haire commenced this adversary proceeding against the Debtor seeking to except the value of the missing equipment and cost of damages from discharge pursuant to 11 U.S.C. §§ 523(a)(2)(A)[3], (a)(4) and (a)(6).

## CONCLUSIONS OF LAW

Haire seeks denial of a discharge under 11 U.S.C. §§ 523(a)(2), (a)(4) and (a)(6). Section 523 provides in pertinent part:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt ---
> …
> (2) for money, property, services, or an extension, renewal, or

---

[3] Although Haire's Complaint did not specify whether he sought denial of discharge under 11 U.S.C. § 523(a)(2)(A) or (B) or both, he did not allege that the Debtor used a "statement in writing… respecting the debtor's or an insider's financial condition." The Court will treat this as an action brought under 11 U.S.C. § 523(a)(2)(A).

> refinancing of credit to the extent obtained by ---
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
> …
> (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;
> …
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

The creditor bears the burden of proving by a preponderance of the evidence each of the elements for the Court to find a debt nondischargeable under § 523. *Grogan v. Garner*, 498 U.S. 279, 286-87 (1991); *In re Kennedy*, 249 F.3d 576 (6th Cir. 2001). Exceptions to discharge are strictly construed against creditors. *Rembert v. AT&T Universal Card Servs. (In re Rembert)*, 141 F.3d 277, 281 (6th Cir. 1998).

### *11 U.S.C. § 523(a)(2)*

Under § 523(a)(2)(A), a debt may be found nondischargeable if a debtor has engaged in actual fraud. *Mellon Bank, N.A. v. Vitanovich*, 259 B.R. 873, 877 (6th Cir. 2001). In *Vitanovich*, the Sixth Circuit held that "[w]hen a debtor intentionally engages in a scheme to deprive or cheat another of property or legal right, that debtor has engaged in actual fraud and is not entitled to the fresh start provided by the Bankruptcy Code." *Id*. Actual fraud is defined as "intentional fraud, consisting in deception intentionally practiced to induce another to part with property or to surrender some legal right, and which accomplishes the end designed." *Id*. It requires intent to deceive or defraud. *Vitanovich*, 259 B.R. at 877 (*citing Gerad v. Cole* (*In re Cole*), 164 B.R. 951, 953 (Bankr. N.D. Ohio 1993)).

Short of proving actual fraud, to except a debt from discharge under § 523(a)(2)(A), a creditor must prove the following elements: "(1) the debtor obtained money through a material

misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of the loss." *Rembert*, 141 F.3d at 280-81 (footnote omitted). *See also In re Looney*, 453 B.R. 252 (B.A.P. 6th Cir. 2011).

Haire utterly failed to meet the burden of proof on any of the above elements. Haire failed to present any evidence that the Debtor made a false representation when he signed the lease or that Debtor intended to deceive Haire to agree to enter into a lease agreement. Furthermore, no evidence was presented that the Debtor engaged in actual fraud. Due to Haire's failure to establish any of the elements of § 523(a)(2)(A), the Court must find in favor of the Debtor with respect to this claim.

### *11 U.S.C. § 523(a)(4)*

Under § 523(a)(4), three distinct acts of malfeasance can create an exception to discharge, including: "(1) fraud or defalcation while acting in a fiduciary capacity, (2) embezzlement, or (3) larceny." To withhold a debt from discharge for "fraud or defalcation while acting in a fiduciary capacity," the Court must find that an express or technical trust existed between the parties. *Brady v. McAllister (In re Brady)*, 101 F.3d 1165, 1173 (6th Cir.1996). While a landlord-tenant relationship existed between Haire and the Debtor, Haire did not prove the existence of a technical or express trust.

Haire has not alleged the Debtor has embezzled any funds.

Larceny requires "the taking of property from the possession of another without his consent and with intent to permanently deprive him of possession." *In re Morris*, 229 B.R. 683, 684 (E.D. Ky. 1999). To succeed on a theory of larceny, a plaintiff must show that the defendant has "wrongfully and with fraudulent intent taken property from its owner." *In re Hester*, 559 B.R.

472, 478 (Bankr. W.D. Ky. 2016) (*quoting In re Rose*, 934 F.2d 901, 903 (7th Cir.1991)).

Although the Court finds Haire's testimony credible that his property was missing, Haire has failed to prove by a preponderance of the evidence that the Debtor is the one who took it. Susan Padgett, the Debtor's wife, testified that when Haire came to their house to inquire about his missing property, the Debtor offered to allow Haire to inspect the storage containers. Haire declined the Debtor's offer and indicated he was aware that the Debtor did not take any of Haire's property. Additionally, criminal charges were not filed against the Debtor. Consequently, the Court finds that Haire has not met his burden regarding 11 U.S.C. § 523(a)(4).

### *11 U.S.C. § 523(a)(6)*

Under 11 U.S.C. § 523(a)(6), Haire had to show that Debtor actually intended the injury caused, not merely intended the act that caused the injury. *See Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). Unless the "actor desires to cause consequences of his act, or ... believes that the consequences are substantially certain to result from it," a willful and malicious injury has not been committed as defined under § 523(a)(6). *In re Roberts*, 452 B.R. 597, 603 (Bankr. W.D. Ky. 2011) (*quoting In re Markowitz*, 190 F.3d 455, 464 (6th Cir. 1999)). The willful and malicious standard is stringent, and "debts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6). *Geiger*, 523 U.S. at 64. The creditor must prove that the debtor intended a deliberate or intentional injury. *Kennedy*, 249 F.3d at 580.

There was no evidence of an intentional and malicious injury as required by the statute. The lease states, "[l]essees shall be responsible for all major repairs and maintenance…." The Debtor was a contractor for 60 years, which qualified him to undertake those repairs himself.

Although the Debtor did not finish many of the repairs he started, Haire has not presented any evidence that leaving the repairs unfinished was any more than negligence. It is not enough that the Debtor voluntarily undertook the repairs; Haire must show that not completing those repairs was intended to cause injury. Likewise, Haire did not present evidence that the Debtor took any of the missing property. The fact that the property is missing, without more, is insufficient to except those debts from discharge under 11 U.S.C. § 523(a)(6).

## CONCLUSION

For the aforementioned reasons, this Court finds the debts claimed by Haire to be dischargeable.

*[signature]*
Thomas H. Fulton
United States Bankruptcy Judge

Dated: September 1, 2017

UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF KENTUCKY

LOUISVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RONALD D. PADGETT | ) | CASE NO. 15-50719 |
| | ) | |
| Debtor | ) | Chapter 7 |
| | ) | |
| STEVEN W. HAIRE, | ) | AP NO. 16-5017 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RONALD D. PADGETT, | ) | |
| Defendant. | ) | |

**ORDER**

THIS ADVERSARY PROCEEDING is before the Court after the conclusion of a trial on the merits of the cause of action brought by Steven W. Haire ("Haire") against Ronald D. Padgett ("Debtor") under 11 U.S.C. §§ 523(a)(2), (a)(4) and (a)(6). Pursuant to Federal Rules of Bankruptcy Procedure 7054 and 9021 and the Court's Memorandum-Opinion entered this same date and incorporated herein by reference, the Court finds in favor of the Debtor.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Haire's Objection to Discharge is DENIED.

*Thomas H. Fulton*
Thomas H. Fulton
United States Bankruptcy Judge

Dated: September 1, 2017